810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Myrtle BROOKS (Widow of Hobert Brooks), Petitioner,
v.
BENEFITS REVIEW BOARD, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent.
 No. 85-3629.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Myrtle Brooks, appeals an affirmance by the Benefits Review Board of an administrative law judge's determination denying her benefits under the Black Lung Benefits Act. Appellant's husband, Hobert Brooks, had filed an application for black lung benefits with the Social Security Administration (SSA) in 1972; that claim was ultimately denied and was not appealed. Mr. Brooks died in 1977 from acute bronchopneumonia secondary to a stroke, and his wife and her husband's claim reviewed by the SSA in 1978. After review at several levels by SSA and the Office of Workers' Compensation Programs (OWCP), a formal hearing was held on February 16, 1983 before Administrative Law Judge Victor Chao (ALJ). The ALJ concluded that Mrs. Brooks only established four years of coal mine employment, and that she failed to show that her husband was totally disabled at death as a result of pneumoconiosis, that he died as a result of pneumoconiosis, or that the pneumoconiosis arose out of coal mine employment. Petitioner appealed the ALJ's decision concerning her husband's length of coal mine employment. On July 29, 1985, the Board affirmed the ALJ's denial of benefits, finding that the judge's determination concerning the decedent's length of coal mine employment was supported by substantial evidence. The petitioner now concedes that the evidence did not establish more than four years of coal mine employment, but argues that she is entitled to a presumption of total disability due to pneumoconiosis under 20 C.F.R. § 410.490(b).
 
 
 2
 The Board urges affirmance of the denial of benefits based on several grounds: (1) petitioner's argument of entitlement to a presumption of total disability is not properly before this court since it was not raised in prior proceedings; (2) petitioner, in any event, is not entitled to the interim presumption of 410.490(b) because by the regulation's own terms, it applies only to claims filed before July 1, 1973; (3) petitioner's argument must be denied since the ALJ properly determined that Mr. Brooks' condition did not arise from pneumoconiosis, his death was not due to pneumoconiosis, and his respiratory condition did not arise from coal mine employment.
 
 
 3
 Upon a careful review of the record as a whole, the court is of the opinion that the medical findings concerning pneumoconiosis of the ALJ as upheld by the Benefits Review Board are supported by substantial evidence and therefore petitioner is not entitled to a presumption that her husband was totally disabled due to pneumoconiosis. The conclusion of the Board denying benefits to petitioner should be and it is here AFFIRMED.